UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DARYL KISSELL | § | |
|     Plaintiff, | § | |
| | § | Civil Action No.  5:20-cv-282 |
| v. | § | |
| | § | |
| LUBBOCK INDEPENDENT | § | JURY DEMANDED |
| SCHOOL DISTRICT | § | |
|     Defendant | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Daryl Kissell, by and through his undersigned attorney of record, and sues Defendant Lubbock Independent School District ("Defendant"), and in support thereof would show unto this Honorable Court as follows:

### I.     PRELIMINARY STATEMENT

1.1.     Plaintiff brings this action for unpaid minimum wage and overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1.2.     During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay Plaintiff for each hour worked at an hourly rate no less than minimum wage and for overtime hours worked in excess of those allowed by law ("overtime hours") at a rate of one and one-half times his regular rate of pay.

### II.     PARTIES

2.1.     Plaintiff is an individual residing in Lubbock County, Texas.

2.2.     Defendant Lubbock Independent School District is a school district and political subdivision that operates the Lubbock Independent School District Police Department.  This Defendant may be served with process by serving its Superintendent Kathy Rollo, 1628 19th Street,

1

Lubbock, Texas 79401 or President of the School Board Zach Brady, 1628 19th Street, Lubbock, Texas 79401.

2.3   Lubbock Independent School District Police Department is not a separate jural entity capable of being sued.

### III.   JURISDICTION AND VENUE

3.1.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

3.2.   Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.   FLSA COVERAGE

4.1   Defendant is a "public agency" as defined by 29 U.S.C. § 203(x) and is an employer within the meaning of 29 U.S.C. § 203(d).

4.2.   At all times pertinent to this Complaint, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

4.3.   At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.4   Defendant is an employer subject to the minimum wage and overtime requirements of the FLSA.

4.5.   At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.6.   At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.7. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V. FACTUAL ALLEGATIONS

5.1. Plaintiff worked for Defendant from September 11, 1994 to present as a Police Officer.

5.2. Plaintiff was an hourly employee.

5.3. Plaintiff was a nonexempt employee.

5.4. Plaintiff regularly worked overtime hours.

5.5. Defendant was aware that Plaintiff regularly worked overtime hours.

5.6. During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

5.7. Failure to pay overtime compensation was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

5.8. Additionally, Plaintiff worked hours for which he received no compensation at all.

5.9. Failure to pay minimum wages was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

5.10. No justification or excuse existed for Defendant's practice of failing to compensate Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked or to pay Plaintiff at least minimum wage for all hours worked.

## .VI.   CAUSES OF ACTION:  VIOLATION OF FLSA

6.1. The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of minimum wage and overtime compensation.

6.2. Defendant's conduct as described herein was willful in that it either knew or showed reckless disregard as to whether its conduct violated the FLSA.

6.3. Defendant's conduct as described herein was not based in good faith and with a reasonable belief that it complied with the FLSA.

6.4. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wage and overtime compensation which was not paid and which should have been paid.

6.5. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid minimum wage and overtime pay pursuant to 29 U.S.C. § 216(b).

6.6. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VII.   JURY TRIAL DEMAND

7.1. Plaintiff demands a jury trial on all issues so triable.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

(a). The Court assume jurisdiction of this cause and that Defendant be cited to appear;

(b).    The Court award damages to Plaintiff as specified above;

(c).    The Court award reasonable and necessary attorney's fees and costs; and

(d).    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.  Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

Respectfully submitted:

By: */s/ David G. Langenfeld*
**David G. Langenfeld**
Attorney-in-Charge
State Bar No. 11911325
LEICHTER LAW FIRM
1602 East 7th Street
Austin, TX  78702
Tel.:  (512) 495-9995
Fax:   (512) 482-0164
Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**